## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | CIVIL ACTION NO. 19-_____ |
| COMPLAINT OF THE OWNERS OF | § | |
| THE M/T AMERICAN LIBERTY | § | JUDGE _____ ("__") |
| FOR EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | MAGISTRATE _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT FOR
## EXONERATION FROM OR LIMITATION OF LIABILITY

American Petroleum Tankers X, LLC ("American"), as owner of the M/T AMERICAN LIBERTY (the "Vessel"), and Crowley Global Ship Management, Inc. ("Crowley"), as owner *pro hac vice* of the Vessel (collectively, the "Vessel Interests"), file this Verified Complaint for Exoneration From or Limitation of Liability and represent as follows:

1.      This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rule F").

2.      Venue is proper within the United States District Court for the Eastern District of Louisiana pursuant to Supplemental Rule F because the marine casualty at the center of this controversy occurred in this District and the Vessel has been arrested in this District in connection with a claim to be encompassed within this limitation proceeding.

3.      The Vessel is an oil/chemical tanker bearing IMO No. 9763851 with an overall length of 183.31 meters, a breadth of 32.2 meters, and flying under the flag of the United States of America.

4.      At all material times, the Vessel was owned by American, a corporation organized under and existing by virtue of the laws of the State of Delaware.

5.     At all material times, the Vessel was managed by Crowley, a corporation organized and existing by virtue of the laws of the State of Delaware.

6.     On or about May 16, 2019, the Vessel departed a dock located at mile marker 140.2E on the Mississippi River in Garyville, Louisiana, in high river conditions under the orders of a compulsory federal pilot with assistance of two tug boats. Under these circumstances, the Vessel was put into a position where it could not overpower the strong river current and was forced down on the east bank of the river at Reserve, Louisiana (the "Incident"). The Vessel attempted to mitigate damages as much as possible, but contacted other vessels and property along the bank before coming to rest at a dock located at mile marker 138.7E in Reserve, Louisiana.

7.     During the Incident, the Vessel was engaged in a voyage that was intended to end in Tampa, Florida. The voyage was delayed due to temporary repairs and an arrest by a claimant regarding the Incident, but the Vessel eventually arrived in Tampa on May 25, 2018. Upon Vessel Interests' knowledge and belief, no demands (such as unsatisfied liens or claims of lien, in contract, tort, or otherwise) on the Vessel arose on this voyage, and the Vessel was not damaged, lost, or abandoned on this voyage beyond the damage sustained during the Incident. The pending freight for this voyage was approximately $250,000.00.

8.     Archer Daniels Midland Co. d/b/a ADM Grain Co., ADM International Sarl, and American River Transportation Co., LLC (collectively "ADM") filed  lawsuit against the Vessel in the United States District Court for the Eastern District of Louisiana on May 20, 2019, alleging damage to their grain terminal and barges in Reserve, Louisiana, arising out of the Incident. The lawsuit is styled *Archer Daniels Midland Company d/b/a ADM Grain Company and American River Transportation Co., LLC vs. M/T AMERICAN LIBERTY, her engines,*

*tackle, apparel, etc., in rem*, Case No. 2:19-cv-10525, and is pending in Section R (the "ADM Lawsuit").

9. On May 21, 2019, African Griffon Shipping Company, Ltd. ("African Griffon") filed a Complaint in Intervention in the ADM Lawsuit alleging that the Vessel also caused damage to its vessel, the M/V AFRICAN GRIFFON, during the Incident.

10. Since the Incident, the following parties have made demand on the Vessel Interests:

    a. ADM claims potential damages in the amount of $80,057,000.00;

    b. African Griffon claims potential damages in the amount of $100,000.00;

    c. Continent Maritime, S.A. Panama, owners of the M/V EVERGRACE, claim potential damages in the amount of $1,535,000.00;

    d. Associated Marine Equipment, LLC and Associated Terminals, LLC, owners and operators of the D/B DON D, claim potential damages in the amount of $5,898,000.00;

    e. The Port of South Louisiana, owner of docks located at mile marker 139.2E and 138.7E, claims potential damages in excess of $50,000,000.00;[1] and

    f. Kevin Wright, claiming personal injuries in the amount of $1,000,000.00 in connection with the Incident.

11. As the Incident occurred on May 16, 2019, this Complaint is being filed within six (6) months of the Vessel Interests' receipt of written notice of any such claim that may have arisen out of the Incident in favor of any potential claimants.

---

[1] The Port of South Louisiana admits that some of the damages included in its claim may be duplicative of amounts claimed by ADM.

12.     Pursuant to the Declaration of David Tantrum, attached as Exhibit A, the value of the Vessel, inclusive of her appurtenances, did not exceed the sum of $112,500,000.00 (ONE HUNDRED AND TWELVE MILLION, FIVE HUNDRED THOUSAND, AND NO/100 US DOLLARS) at the time of the Incident. *See* Exhibit A.

13.     Further, the Declaration of Jason Fernandes, attached as Exhibit B, estimates the cost of repairing the damage to the Vessel from the Incident is estimated to be $3,500,000.00 (THREE MILLION, FIVE HUNDRED THOUSAND, AND NO/100 US DOLLARS). *See* Exhibit B.

14.     Pursuant to the Declaration of Scott Clapham, attached as Exhibit C, the Vessel's pending freight at the conclusion of her voyage did not exceed the sum of $250,000.00 (TWO HUNDRED AND FIFTY THOUSAND AND NO/100 US DOLLARS). *See* Exhibit C.

15.     Upon information and belief, the Incident and any damages claimed as a result thereof were in no way caused or contributed to by any fault, neglect, or want of due care on the part of the Vessel and/or the Vessel Interests.

16.     At all times material to the Incident, the Vessel Interests used due diligence to make and maintain the Vessel in all respects seaworthy, and the Vessel was in fact at all times material hereto tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service it was engaged.

17.     The Incident and any damages claimed as a result thereof were proximately caused in whole or in part by the negligent acts and/or omissions of third-parties not under the control of the Vessel and/or the Vessel Interests.

18.     Regardless of whether the Incident and any damages claimed as a result thereof were occasioned by or resulted from any negligence or fault of the Vessel, the Vessel Interests

had no privity or knowledge of any alleged defect of the Vessel, her appurtenances, or her crew that gave rise to the Incident.

19.     A warrant of arrest was issued for the Vessel in the ADM lawsuit on May 20, 2019.

20.     The Vessel Interests desire to contest their liability and the liability of the Vessel for any claims arising out of the Incident, as they have valid defenses to such potential claims in fact and in law. The Vessel Interests and the Vessel are entitled to complete exoneration from liability arising out of the Incident.

21.     The Vessel Interests further claim the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Supplemental Rule F, together with any and all amendatory or supplemental Acts of the Congress of the United States, and the rules of practice of this Court and the Supreme Court of the United States.

22.     Concurrent with the filing of this complaint, the Vessel Interests offer and file their *Ad Interim* Stipulation in the appropriate form with a Letter of Undertaking in favor of this Court in an amount equal to the interest in Vessel and her freight then pending, together with interest calculated at the rate set forth by law in Supplemental Rule F(1) of six percent (6%) from the date of the Vessel Interests' stipulation and costs.

23.     The Vessel Interests' *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount is not contested by any claimant, but the Vessel Interests are prepared to give a bond or stipulation for any amount in excess of the *Ad Interim* Stipulation as may be ascertained and determined to be necessary by order of this Court.

24.     Pursuant to 46 U.S.C. § 30501, *et seq.*, the Vessel Interests are entitled to have all claims and issues concerning the Incident consolidated into a single proceeding before the United States District Court for the Eastern District of Louisiana sitting in admiralty.

WHEREFORE, PREMISES CONSIDERED, Vessel Interests and the Vessel pray as follows:

1. upon the Vessel Interests' filing of an *Ad Interim* Stipulation in the amount of $109,250,000.00 (ONE HUNDRED AND NINE MILLION, TWO HUNDRED AND FIFTY THOUSAND, AND NO/100 US DOLLARS) and a Letter of Undertaking in favor of this Court in the amount representing the value of their interests in the Vessel combined with her pending freight at the close of the aforesaid voyage, this Court shall issue an order approving the *Ad Interim* Stipulation and requiring this payment whenever ordered by this Court with interest as provided by law from the date of the stipulation, pending appraisal by the Court of the value of the Vessel and her pending freight at the conclusion of the voyage;

2. this Court, pursuant to Supplemental Rule F(3), shall issue an injunction restraining the filing, commencement, and prosecution in any court whatsoever of all lawsuits, actions, and legal proceedings of any nature or kind whatsoever against the Vessel Interests, the Vessel and her crew, and/or the Vessel Interests' underwriters or insurers, whether *in personam* or *in rem*, except in this action, to recover damages as a result of loss of life, bodily injury, damage to property, or other loss or damage resulting from the casualty described above in this complaint;

3. pursuant to Supplemental Rule F(4), this Court shall issue a notice to all persons, firms, and corporations asserting a claim for any and all losses, damages, deaths, injuries, or destruction with respect to which the Vessel Interests seek exoneration from or limitation of liability, admonishing them to appear and (1) file their respective claims with the Clerk of this Court and serve such claims on the Vessel Interests' undersigned attorneys on or before the date to be named in said notice or be forever barred and permanently enjoined from making and filing such claims, and (2) file and serve their respective answers to this complaint;

4. if any claimant, who shall file its claim under oath, files an exception controverting either the value of the Vessel in its condition as alleged or the amount of the *Ad Interim* Stipulation, this Court shall cause due appraisal to be made of the value of the Vessel and her pending freight during the time of the matters, happenings, and events stated in this complaint, and, in the event said appraised value of the Vessel exceeds the limitation fund or security filed, this Court shall enter an order for the payment into the Court of the higher value of the Vessel, or for the giving of security in the same amount pursuant to Supplemental Rule F(7);

5. this Court shall adjudge and decree that the Vessel Interests are not liable to any extent whatsoever for any losses, damages, or injuries, or for any claims arising in consequence of the matters, happenings, and events stated in this complaint, and exonerate the Vessel Interests from liability;

6. in the alternative, if this Court should adjudge that the Vessel Interests are liable in any amount whatsoever, said liability shall be limited to the value of the Vessel and its pending freight; that the monies paid or ordered to be paid may be divided *pro rata* among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging the Vessel Interests from all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against the Vessel Interests or their property in consequence of or in connection with the matters and happenings referred to in this complaint; and

7. that the Vessel Interests have such other and further relief to which they may be entitled by law, in equity or in admiralty, including the right to amend and supplement these pleadings to achieve justice.

Respectfully submitted,

*/s/ Jason P. Waguespack*
Jason P. Waguespack (#21123)
Frederick W. Swaim III (#28242)
Emmitt L. DuBose III (#35113)
Andrew V. Waters (#37913)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Telecopier: (504) 525-2456
Attorneys for the Petitioners
*American Petroleum Tankers X, LLC and Crowley Global Ship Management, Inc.*